UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G6 HOSPITALITY, LLC et al.,<br><br>　　　　Defendants. | CASE NO. 2:25-cv-00358-JNW<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM |

Plaintiff brings claims under the Trafficking Victims Protection Reauthorization Act, alleging she was sex trafficked at Defendants' hotel properties and that Defendants knew or should have known of the trafficking and benefited from it. Dkt. No. 1. She moves to proceed under the pseudonym "Jane Doe" because she fears her traffickers and their associates will retaliate against her—including by harming, killing, or forcing her back into trafficking—if they learn she is pursuing this lawsuit, and because public disclosure would cause humiliation and shame given the sensitive nature of the crimes she suffered. Dkt. No. 52 at 2–3.

Two defendants responded to her motion, not to oppose, but to ask that Plaintiff proceed under her initials to avoid confusion with other litigation. Dkts.

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO PROCEED UNDER A PSEUDONYM - 1

Nos. 53, 54. Plaintiff did not file a reply or otherwise object to this request.

To protect the public's interest in the open administration of justice, parties must use their real names during litigation. *See* Fed. R. Civ. P. 10(a). But "[i]n this circuit, we allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). A party may proceed anonymously "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *M.L. v. craigslist*, No. 3:19-6153-BHS-TLF, 2020 WL 8639345, at *1 (W.D. Wash. July 8, 2020) (quoting *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042-45 (9th Cir. 2010)).

Plaintiff is a survivor of sex trafficking. Her motion details serious physical abuse, including being shot and beaten, during years of exploitation. Plaintiff fears retaliation from her traffickers and their associates. Courts routinely permit trafficking survivors to proceed anonymously given the severity of harm they have

suffered and the reasonable fear of retaliation. *See, e.g.*, *M.L. v. craigslist*, 2020 WL 8639345, at *1–2; *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *9 (N.D. Cal. July 30, 2020). Defendants do not oppose, and the Court finds good cause exists here.

The Court agrees with Defendants, however, that proceeding under initials rather than "Jane Doe" will reduce confusion with similar cases.

Accordingly, the Court ORDERS as follows:

1. Plaintiff Jane Doe's motion is granted in part.
2. Plaintiff may proceed under a pseudonym in this action using only the first initials of her first and last name.
3. Plaintiff must file a Notice with the Court within ten (10) days of this order identifying her initials.

Dated this 3rd day of December, 2025.

Jamal N. Whitehead
United States District Judge